NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

———————

No. 07-2338

———————

UNITED STATES OF AMERICA

v.

WILLIAM LATTIMORE,

Appellant

———————

On Appeal from the United States District Court
for the District of New Jersey
(D.C. No.  2-04-cr-00280-10)
District Judge:  Honorable Faith S. Hochberg

———————

Submitted Pursuant to Third Circuit LAR 34.1(a)
September 14, 2010

Before:  RENDELL, FISHER and GARTH, *Circuit Judges*.

(Filed: September 14, 2010)

———————

OPINION OF THE COURT

———————

FISHER, *Circuit Judge*.

	William Lattimore pled guilty to conspiring to distribute cocaine and heroin in

violation of 21 U.S.C. §§ 841(a), 841(b)(1)(A), and 846, and now appeals his conviction

and sentence. His appointed counsel seeks to withdraw pursuant to *Anders v. California*, 386 U.S. 738 (1967). We will grant counsel's motion and affirm.

I.

We write exclusively for the parties, who are familiar with the factual context and legal history of this case. Therefore, we will set forth only those facts necessary to our analysis.

Lattimore was a member of a large-scale drug ring that distributed significant quantities of cocaine and heroin in northern New Jersey. Following a lengthy investigation, Lattimore was indicted, along with eleven co-defendants, and charged with knowingly and intentionally conspiring with others to distribute five kilograms or more of cocaine, and one kilogram or more of heroin, in violation of 21 U.S.C. §§ 841(a), 841(b)(1)(A), and 846.

On March 29, 2006, Lattimore, represented by Anthony J. Iacullo, Esq., pled guilty to the charges in the United States District Court for the District of New Jersey. At the plea hearing, the District Court ensured, among other things, that Lattimore was not under the influence of drugs or alcohol, that he had not been threatened or coerced into pleading guilty, and that he had reviewed and understood the plea agreement:

> [The Court]: Mr Lattimore have you gone over the plea agreement with Mr. Iacullo fully and completely?
>
> [The Defendant]: Yes.
>
> [The Court]: Do you understand it fully and completely?

[The Defendant]:     Yes.

(App. at A43.) The Court also reviewed the plea agreement's waiver of appeal provision:

> The Court:       So as I understand it, and for Mr. Lattimore's benefit, if he receives a sentence within the guideline range of 31, then neither he nor the Government may file an appeal of the sentence. Correct?
>
> [The Government]: That is correct, Your Honor.
>
> The Court:       Did you understand that, Mr. Lattimore?
>
> The Defendant:   Yes.

(App. at A42.) The Court accepted Lattimore's plea and requested that a Presentence Investigation Report (PSR) be prepared for the sentencing hearing.

The PSR determined that Lattimore was a career offender and assigned him a total offense level of 34 and a criminal history category of VI, resulting in an advisory guideline range of 262-327 months. The PSR also noted, however, that the plea agreement had stipulated to a total offense level of 31 and a criminal history category IV, which resulted in a lower advisory guideline range of 188 to 235 months. At the November 20, 2006 sentencing hearing, the District Court commended Lattimore's counsel on this reduction:

> The Court:   I have to say, you've already done a remarkable job on behalf of Mr. Lattimore. . . . [Y]ou've successfully argued on his behalf . . . to get him down from a 34, criminal history category six, where he factually probably belongs, to a 31, criminal history category four[.] . . . [Y]ou've done yeoman service to him, Mr. Iacullo.

3

(App. at A64-65.) Ultimately, after considering the 18 U.S.C. § 3553(a) factors, the Court sentenced Lattimore to 188 months of imprisonment and five years of supervised release, the top of the stipulated guideline range, and issued a $5,000 fine and a $100 special assessment.

Lattimore filed a timely notice of appeal.[1] Lattimore's newly appointed counsel, Robert W. Ray, Esq., filed a brief pursuant to *Anders v. California*, 386 U.S. 738 (1967), alleging that Lattimore did not have any nonfrivolous issues for review. Lattimore received notice of the brief and an invitation to file a *pro se* brief, but chose not to do so.[2]

## II.

Under *Anders*, appointed counsel may request permission to withdraw from frivolous cases so long as the request is "accompanied by a brief referring to anything in the record that might arguably support the appeal." 386 U.S. at 744. "A copy of counsel's brief should be furnished [to] the indigent and time allowed him to raise any points that he chooses[.]" *Id.* Then, the court must conduct its own "full examination of all the proceedings, to decide whether the case is wholly frivolous." *Id.*

We have outlined a two-step inquiry that must be completed when counsel submits an *Anders* brief. First, we must determine "whether counsel adequately fulfilled the

---

[1]Initially, there was a dispute as to whether Lattimore's appeal was timely filed. We directed the District Court to resolve the issue and, at a hearing convened on February 25, 2009, the District Court held that the appeal was timely filed.

[2]The District Court had jurisdiction under 18 U.S.C. § 3231, and we have jurisdiction pursuant to 28 U.S.C. § 1291 and 18 U.S.C. § 3742.

rule's requirements[.]" *United States v. Youla*, 241 F.3d 296, 300 (3d Cir. 2001).

Second, we examine "whether an independent review of the record presents any

nonfrivolous issues." *Id.*

III.

A. *Anders* requirements

Counsel fulfills the *Anders* requirements when the *Anders* brief (1) "satisf[ies] the

court that counsel has thoroughly examined the record in search of appealable issues,"

and (2) "explain[s] why the issues are frivolous." *Id.* Here, counsel searched diligently

for appealable issues but explained in detail that the plea proceeding complied with

Federal Rule of Criminal Procedure 11; that the sentencing proceeding complied with

Federal Rule of Criminal Procedure 32 and that Lattimore had waived his right to appeal

the sentence in his plea agreement; and that there is no indication that Lattimore was

denied effective assistance of counsel. This analysis is sufficient to meet the *Anders*

requirements.

B. Independent review

"Where the *Anders* brief initially appears adequate on its face, the proper course is

for the appellate court to be guided in reviewing the record by the *Anders* brief itself." *Id.*

at 301 (quotations and citations omitted). Thus, "we confine our scrutiny to those

portions of the record identified by an adequate *Anders* brief[.]" *Id.*

Our independent review of Lattimore's appeal does not uncover any nonfrivolous

issues. The March 29, 2006 plea colloquy was comprehensive and in compliance with

5

Rule 11(b).  Therein, Lattimore affirmed, among other things, that the plea was voluntary and uncoerced and that he understood the terms of his limited waiver of appeal.  Likewise, at the sentencing hearing, the District Court complied with Rule 32 and *United States v. Booker*, 543 U.S. 220 (2005), ultimately adhering to the agreed-upon stipulated guideline range.  The appeal of this sentence was foreclosed by Lattimore's knowing and voluntary waiver in the plea agreement of his right to appeal a sentence within the stipulated guideline range.  *See United States v. Khattak*, 273 F.3d 557, 562 (3d Cir. 2001) (holding that "waivers of appeals, if entered into knowingly and voluntarily, are valid").

Any Sixth Amendment ineffective assistance of counsel claim is also without merit.[3]  We review ineffective assistance of counsel claims on direct appeal only in the very rare case where the evidence of ineffective assistance is so clear that an evidentiary hearing is not needed to develop the relevant facts.  *United States v. McLaughlin*, 386 F.3d 547, 555-56 (3d Cir. 2004).  Here, the record does not show a clear instance of ineffective assistance.  To prevail on such a claim, Lattimore would need to show (1) "that counsel's performance was deficient," and (2) "that the deficient performance prejudiced the defense."  *Strickland v. Washington*, 466 U.S. 668, 687 (1984).  There is absolutely no evidence of the former.  Lattimore affirmed at the plea hearing that he fully

---

[3]Although Lattimore did not file a *pro se* brief to clarify his position, defense counsel asserts that it is Lattimore's position that he was misinformed by his prior counsel as to the sentence he would receive and the degree to which he was waiving his right to appeal or challenge that sentence.

understood both the plea agreement and the waiver of appeal, and there is no evidence in the record that Mr. Iacullo was in any way deficient in his representation. On the contrary, the District Court commended Mr. Iacullo on his success in negotiating a total offense level of 34 and a criminal history of VI down to a total offense level of 31 and a criminal history of IV.

IV.

For the foregoing reasons, we will grant counsel's motion to withdraw and affirm the conviction and the sentence.